IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANTHONY D. WILLIAMS,

                Petitioner,             OPINION AND ORDER

    v.

                                                16-cv-363-wmc

LOUIS WILLIAMS II, Warden,
Federal Correctional Institution – Oxford,

                Respondent.

---

Petitioner Anthony Williams seeks habeas corpus relief under 28 U.S.C. § 2241 from his continued confinement at the Federal Correctional Institution at Oxford, Wisconsin. The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, which may be applied to habeas petitions brought under § 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases; see also 28 U.S.C. § 2243. Under Rule 4, the court will dismiss the petition only if it plainly appears that petitioner is not entitled to relief.

Williams contends that his confinement violates the Constitution for two reasons: (1) his federal convictions for "unlawful transport of firearms" and "felon in possession of a firearm" violate the Tenth Amendment because federal courts do not have jurisdiction to convict for those offenses; and (2) his convictions violate the Second Amendment. Neither claim has merit, however, so Williams' petition will be dismissed.

OPINION

As an initial matter, petitioner has not shown that he may seek relief under § 2241. To collaterally attack a conviction or sentence, a federal prisoner must ordinarily file a petition pursuant to 28 U.S.C. § 2255. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir.

2013). A federal prisoner "may petition under section 2241 instead if his section 2255 remedy is 'inadequate or ineffective to test the legality of his detention.'" *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). Under Seventh Circuit law, three conditions must be present before a petitioner can proceed under § 2241 pursuant to the "inadequate or ineffective" exception: (1) the petitioner must be relying on a new statutory-interpretation case -- rather than on a constitutional case --because § 2255 offers relief to prisoners who rely on new constitutional cases; (2) the statutory-interpretation must be retroactive on collateral review; and (3) the error the petitioner identifies must be grave enough to be deemed a miscarriage of justice. *Light v. Caraway*, 761 F.3d 809, 812 (7th Cir. 2014); *In re Davenport*, 147 F.3d 605, 611-12 (7th Cir. 1998).

Here, petitioner cannot demonstrate that the first two conditions are present: he has not identified a new statutory interpretation case (in fact, he primarily relies on cases from more than one hundred years ago), much less that a new case applies retroactively on collateral review. Because petitioner may not proceed under § 2241, his petition must be dismissed.

Moreover, petitioner's claims fail on the merits. Petitioner argues that 18 U.S.C. §§ 921 and 922 are an overextension of Congress's authority and of the federal courts' jurisdiction, because his actions were committed within the territory of a state. These arguments are frivolous and have been rejected repeatedly by the Seventh Circuit. *See, e.g.*, *United States v. Sidwell*, 440 F.3d 865, 870 (7th Cir. 2006); *United States v. Thompson*, 359 F.3d 470, 480 (7th Cir. 2004); *United States v. Lemons*, 302 F.3d 769, 772 (7th Cir. 2002);

*United States v. Mitchell*, 299 F.3d 632 (7th Cir. 2002); *United States v. Wesela*, 223 F.3d 656, 659-60 (7th Cir. 2000), *cert. denied*, 531 U.S. 1174 (2001).

Petitioner's arguments concerning the Second Amendment are also unpersuasive. Section 922(g)(1) provides that

> [i]t shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

Petitioner argues that the statute violates his Second Amendment right to bear arms, but "[l]ike most rights, the right secured by the Second Amendment is not unlimited." *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008). In issuing *Heller*, the Supreme Court explicitly noted that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons[.]" *Id.*; *see also Baer v. Lynch*, 636 F. App'x 695, 697 (7th Cir. 2016) ("[T]he Supreme Court made clear that categorical bans on firearm possession do not necessarily offend the Second Amendment and that some bans, including the one at issue here [18 U.S.C. § 922(g)(1)], are presumptively valid.").[1]

Because petitioner has not demonstrated that he may proceed under § 2241, and because petitioner is not entitled to relief on the merits of his claims in any event, the court will dismiss his petition.

---

[1] The Seventh Circuit has "left open the possibility that a felon might be able to rebut that presumption by showing that a ban on possession is overbroad as applied to him," *Baer*, 636 F. App'x at 697 (citing *United States v. Williams*, 616 F.3d 685, 693 (7th Cir. 2010)), but petitioner does not bring an as-applied challenge. And even if he did, he cannot bring the claim via § 2241 for reasons already discussed above.

ORDER

IT IS ORDERED that the federal habeas corpus petition filed by Anthony Williams pursuant to 28 U.S.C. § 2241 is DENIED and this case is DISMISSED with prejudice. The clerk of court is directed to close this case.

Entered this 15th day of June, 2017.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge